UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL PACHECO,

        Petitioner,               Case Number: 98-75062

v.                                 HON. JOHN CORBETT O'MEARA

DAVID TRIPPETT,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION REQUESTING THIS COURT TO CERTIFY THAT IT WOULD BE INCLINED TO GRANT MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 60(B)(5) & (6)

      Petitioner Daniel Pacheco, a state inmate incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* petition for a writ of habeas corpus.  On February 15, 2000, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus.  Now before the Court is Petitioner's "Motion Requesting this Court to Certify That it Would Be Inclined to Grant Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(5) & (6)."

      When a party wishes to file a Rule 60(b) motion but already has an appeal pending in the Court of Appeals, "the proper procedure is for him to file his motion in the District Court.  If that court indicates that it will grant the motion, the appellant should then make a motion in [the Court of Appeals] for a remand of the case in order that the District Court may grant the motion."  First Nat'l Bank of Salem, Ohio v. Hirsch, 535 F.2d 343, 346 (6th

Cir. 1976). At the time Petitioner filed his motion in this Court, his application for leave to appeal this Court's denial of an earlier motion for relief from judgment was pending before the Court of Appeals. The Sixth Circuit Court of Appeals has now denied that motion. Pacheco v. Trippett, No. 04-2248 (6th Cir. Aug. 26, 2005). Because Petitioner's appeal is no longer pending, this Court may issue a final decision on his motion, rather than following the procedures set forth in Hirsch. *See* 535 F.2d at 346-47.

Petitioner first argues that he is entitled to relief from judgment because this Court improperly held that his claims were procedurally defaulted. Petitioner claims that the Sixth Circuit Court of Appeals' decision in Abela v. Martin, 380 F.3d 915, 922 (6th Cir. 2004), invalidates the Court's decision.

In Abela, the Sixth Circuit examined whether a habeas claim was procedurally defaulted where the last state court to issue a reasoned opinion denying the claim referenced only M.C.R. 6.508(D),[1] rather than 6.508(D)(3), as a basis for denying the

---

[1] M.C.R. 6.508(D) applies to motions for relief from judgment, and states, in relevant part:

> (D) Entitlement to Relief. The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion
>
> (1) seeks relief from a judgment of conviction and sentence that still is subject to challenge on appeal pursuant to subchapter 7.200 or subchapter 7.300;
>
> (2) alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior

claim. The Sixth Circuit held that a general reference to M.C.R. 6.508(D), without more, is insufficient to establish that the court denied leave to appeal based upon a procedural ground. Id. at 922. However, the Court also held that, where other "clarifying indicators" clearly demonstrate the state court's intention to invoke an "independent and adequate state procedural rule" by its general reference to 6.508(D), a federal court may determine that federal habeas review is barred. Id. at 923-924.

In Petitioner's case, the trial court was the last state court to issue a reasoned opinion denying Petitioner's claims. The trial court cited M.C.R. 6.508(D) in denying Petitioner's claims. People v. Pacheco, 88-39081-FC (Genesee County Circuit Court March 27, 1997). Although not citing specifically to M.C.R. 6.508(D)(3), the trial court applied the cause and prejudice analysis test contained in that subsection. Thus, this Court concludes that the trial court's opinion provides a clarifying indicator demonstrating that it relied on a procedural bar in rendering its judgment. Therefore, this Court properly

---

decision;

(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

(a) good cause for failure to raise such grounds on appeal or in the prior motion, and

(b) actual prejudice from the alleged irregularities that support the claim for relief . . .

M.C.R. 6.508(D).

held that the state court's denial relied upon a procedural bar and Petitioner is not entitled to relief from judgment.

Petitioner also claims that he is entitled to relief from judgment because the Supreme Court's decision in Florida v. Nixon, 125 S. Ct. 551 (2004), establishes that his trial attorney was ineffective. As discussed above, the claims presented in the habeas corpus petition were procedurally defaulted. Therefore, the Court cannot address the merits of Petitioner's ineffective assistance of counsel claim.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion Requesting this Court to Certify That it Would Be Inclined to Grant Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(5) & (6)" is **DENIED**.

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated: September 8, 2005